UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD OSBURN,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK TRUST COMPANY,<br><br>Defendant. | No. 1:24-CV-01002-KES-SKO<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTIONS TO SET ASIDE SALE AND CONSOLIDATE AS MOOT, AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>Docs. 6, 15, 26, 28 |

Plaintiff Ronald Osburn ("plaintiff") filed this action on August 23, 2024, challenging the prior sale of his home at a foreclosure sale. Doc. 1 ("Compl."). On September 16, 2024, defendant Deutsche Bank Trust Company ("defendant") filed a motion to dismiss, along with a request for judicial notice. Docs. 6 ("MTD"), 7 ("RJN"). The motion is fully briefed. Docs. 9 ("Opp'n"); 11 ("Reply"). Plaintiff subsequently filed a motion to "set aside sale" on October 25, 2024, which is now fully briefed. Docs. 15, 19, 21.[1] On April 29, 2025, plaintiff filed a "motion

---

[1] On February 11, 2025, plaintiff also filed a "supplement" to his reply in support of the motion to set aside sale. Doc. 24. This Court's standing order provides that supplemental briefs and sur-replies shall not be filed without prior leave of court. As plaintiff did not seek leave of court, this

to consolidate removed unlawful detainer action." Doc. 26.  On May 27, 2025, plaintiff filed a motion for leave to file a first amended complaint, to which Deutsche Bank filed an opposition. Docs. 28, 33.  For the reasons discussed below, defendant's motion to dismiss is granted with prejudice, plaintiff's motions to set aside sale and to consolidate are denied as moot, and plaintiff's motion for leave to file a first amended complaint is denied.

## I.    BACKGROUND

### A.    Prior Litigation

Plaintiff has filed three previous lawsuits, in federal and state court, challenging the foreclosure sale of his home.[2]  *Osburn v. Onewest Bank* ("*Osburn I*"), No. 1:18-cv-00310-LJO-SAB, 2018 WL 3629926 (E.D. Cal. Jul. 27, 2018); *Osburn v. Countrywide Home Loans* ("*Osburn II*"), No. 1:19-cv-00246-DAD-SAB, 2020 WL 616306 (E.D. Cal. Feb. 10, 2020); and *Osburn v. Deutsche Bank Nat'l Trust Co.* ("*Osburn III*"), Superior Court of Tulare County, No. 289965.  Deutsche Bank also sued plaintiff and his wife in an unlawful detainer action in Tulare County Superior Court, *Deutsche Bank v. Osburn, et al.* ("*Unlawful Detainer Action*"), Case No. VCL203611.

### 1.    *Osburn I*

In *Osburn I*, on March 3, 2018, plaintiff and his wife, represented by counsel, sued Deutsche Bank, among others, alleging fraud, wrongful foreclosure, quiet title, "cancellation of instruments," violation of the Real Estate Settlement Procedures Act (12 U.S.C. § 2605), negligent misrepresentation, breach of contract, violation of the Truth in Lending Act (15 U.S.C. § 1638), and unfair business practices.  RJN, Ex. 6 at 2.  The district court adopted findings and

---

supplemental filing is disregarded.

[2] The Court grants defendant's request for judicial notice (Doc. 7), taking judicial notice of court filings and publicly filed documents.  Fed. R. Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  Two of the exhibits provided in defendant's request for judicial notice are unreadable, specifically, Exhibit 8 (findings and recommendations recommending granting defendants' motion to dismiss and granting in part plaintiffs' motion to amend in *Osburn I*) and Exhibit 13 (Ninth Circuit memorandum decision affirming the district court's disposition of *Osburn II*).  The Court cites to the Westlaw citations for these orders.

1    recommendations and granted defendants' motion to dismiss and granted in part plaintiffs'
2    motion to amend their complaint. *Osburn I*, 2018 WL 3629926, at *1. In granting the motion to
3    dismiss, the court reasoned that plaintiffs lacked standing to challenge pre-foreclosure causes of
4    action—fraud, wrongful foreclosure, quiet title, cancellation of instruments, negligent
5    misrepresentation, and unfair business practices—and that leave to amend these claims would be
6    futile. *Id.* However, the court granted leave to amend the breach of contract and the Truth in
7    Lending Act claims. *Id.* Thereafter, the Osburns failed to file an amended complaint and the case
8    was dismissed. *Osburn v. Onewest Bank*, 2018 WL 3769412, at *1 (E.D. Cal. Aug. 7, 2018).

### 2. *Osburn II*

In *Osburn II*, on February 21, 2019, the Osburns again sued Deutsche Bank along with several other defendants, alleging fraud, rescission, intentional infliction of emotional distress, and other claims relating to the underlying foreclosure. RJN, Ex. 9; *Osburn II*, Doc. 1. The court granted defendants' motions to dismiss, finding the action barred under the doctrine of claim preclusion because (1) the earlier action resulted in a final judgment on the merits, (2) there was an identity of claims between the two actions, and (3) there was privity between the parties. RJN, Ex. 11; *Osburn II*, 2020 WL 616306, at *3. The court reasoned that the two actions arose out of the "same transactional nucleus of facts," as the allegations in both complaints centered on defendants' purported lack of legal right to foreclose upon the subject property. *Osburn II*, 2020 WL 616306, at *4. The court also reasoned that new claims brought in the second action were barred because they could have been brought in the earlier action. *Id.* Finally, the court found that the parties were in privity because the plaintiffs were the same and several of the defendants were the same between the two actions. *Id.* at *5–6. As to the remaining "new" defendants in the later-filed action, the court found their interests to be so closely aligned with the other defendants as to be in privity with them. *Id.* at *6.

Having found that claim preclusion barred the action, the district court dismissed *Osburn II* without leave to amend and with prejudice. *Id.* at *7. The Ninth Circuit Court of Appeals affirmed the ruling in *Osburn II* and found that the district court did not abuse its discretion in denying leave to amend because further amendment would have been futile and taken in bad

3

faith. *Osburn v. Countrywide Home Loans*, 854 Fed. App'x 225 (9th Cir. Jul. 26, 2021).

### 3. *Osburn III*

Similarly, in *Osburn III*, the Osburns sued Deutsche Bank and other entities in state court on January 3, 2022. RJN, Ex. 15. They alleged fraudulent concealment, intentional misrepresentation, violation of the Homeowner Bill of Rights, violation of California Business and Professions Code § 17200 et seq., and wrongful foreclosure. *Id.* at 1. They additionally sought cancellation of instruments and to quiet title. *Id.* The Tulare County Superior Court sustained defendants' demurrer without leave to amend, finding that the claims in the state action "involve[d] the same property, loan obligation, and general set of facts and circumstances as those involved in the first two federal cases, and [we]re based on the same legal theories." *Id.* at 10. The superior court also found that both federal actions resulted in final judgments on the merits and that privity existed between the parties. *Id.* Accordingly, the superior court entered judgment in favor of defendants on May 23, 2022. RJN, Ex. 18.

### 4. *Unlawful Detainer Action*

In the unlawful detainer action, initiated on August 25, 2022, Deutsche Bank asserted its right to lawful possession of the subject property pursuant to a foreclosure sale held on December 28, 2021. RJN, Ex. 20. Deutsche Bank purchased the property at a public auction for $420,000 and the trustee's deed upon sale was recorded on February 25, 2022. RJN, Ex. 5. The Clerk entered judgment for Deutsche Bank on October 21, 2022, finding it was entitled to possession of the property, and a writ of possession of real property was issued shortly thereafter. RJN, Exs. 22, 23.

### B. **Operative Pleadings**

In his current complaint, plaintiff alleges the following events occurred on 9/30/2023:

> Defendant claims to have sold [plaintiff's] home at a foreclosure sale. No foreclosure sale was published. Defendant called the police, and told them my home had been sold at a foreclosure sale and that I was illegally occupying my home, the police arrested me and threw me in jail and terrorized my daughter. Defendant violated 18 U.S.C. § 1001 and falsified a foreclosure sale.

4

Doc. 1 ("Compl.") at 4. Plaintiff uses a form complaint for a negligence claim. *Id.* at 1. Plaintiff requests $15,000,000.00 in damages and expungement of the trustee's deed upon sale. *Id.* at 4. He asserts he regularly has nightmares about losing his home and being thrown in jail and contends he has "not had one good night of sleep since then because of the error of judgment." *Id.* He further asserts defendant's actions were a violation of 18 U.S.C. § 1001. *Id.*

In its motion to dismiss, defendant contends that plaintiff's claims are barred by res judicata and additionally fail to state any cognizable cause of action. *See generally* MTD, Doc. 6. Defendant additionally provides the following factual summary:

In March 2006, the Osburns refinanced property located at 4523 West Evergreen Court, Visalia, California. RJN, Ex. 1. They obtained a $348,400 first loan (the "Loan") from IndyMac Bank, FSB ("IndyMac"), secured by a Deed of Trust ("DOT") that encumbered the property. *Id.* On or about November 22, 2010, plaintiffs executed a Home Affordable Modification Program Modification Agreement ("Modification Agreement"). RJN, Ex. 6 at ¶ 28; Ex. 15 at ¶ 35. The DOT was assigned to Deutsche Bank, as trustee for IndyMac INDX Mortgage Loan Trust 2006-AR11, via a Corporate Assignment of Deed of Trust recorded on January 18, 2017. RJN, Ex. 2. In March 2017, Western Progressive was substituted as trustee under the DOT and recorded a Notice of Default (the "NOD") against the property, reflecting that the Loan was approximately $18,931.43 in default as of 4/4/2017. RJN, Ex. 3. Notices of trustee's sale were then recorded on June 29, 2017, September 14, 2018, and November 15, 2021. RJN, Ex. 4. The Notice of Trustee's Sale recorded on November 15, 2021 specified that the Property was scheduled to be sold at a trustee's sale on December 28, 2021. RJN, Ex. 4. The Property was sold on December 28, 2021, pursuant to that notice. RJN, Ex. 5. A Trustee's Deed Upon Sale was recorded on February 25, 2022, reflecting the trustee's sale. *Id.*

## II. LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

A motion to dismiss on the basis of res judicata or claim preclusion may properly be brought under Rule 12(b)(6). *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) ("When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate[.]"); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) ("As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.") (internal quotation marks and citation omitted); *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (concluding that, although generally an affirmative defense, *res judicata* may be raised in a Rule 12(b)(6) motion "when all relevant facts are shown by the court's own records, of which the court takes notice"); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir.1984) (affirming the district court's dismissal of complaint pursuant to Rule 12(b)(6) on res judicata grounds).

**III.    ANALYSIS**

Defendant asserts, first, that plaintiff's claims relating to the foreclosure of the subject property are barred by res judicata and, second, that plaintiff's claims under 18 U.S.C. § 1001 fail as a matter of law. Defendant requests dismissal of plaintiff's claims with prejudice. MTD, Doc 6. Plaintiff's opposition does not meaningfully address defendant's arguments. Instead, plaintiff asserts that defendant failed to comply with publication and recordation requirements

before the trustee's sale and "falsified" the sale. Opp'n, Doc. 9. The Court addresses these arguments below.

### A.     Res Judicata (Claim Preclusion)

The res judicata standard that applies turns on whether there is a prior federal or state court judgment at issue. The judgment in the unlawful detainer action was a California state court judgment, and California res judicata law therefore applies. When assessing state court judgments for purposes of res judicata, the Court must apply the rules of the state that entered the judgment. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 482 (1982) ("§ 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments.").

Under California law, the doctrine of res judicata applies when: "(1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom res judicata is asserted was a party to, or in privity with a party to, the prior adjudication." *Lopez Reyes v. Kenosian & Miele, LLP*, 619 F. Supp. 2d 796, 809 (N.D. Cal. 2008) (citing *Nathanson v. Hecker*, 99 Cal. App. 4th 1158, 1162 (2002)). The burden of proof is on the party seeking to invoke the doctrine to show the elements of res judicata are satisfied. *Vella v. Hudgins*, 20 Cal. 3d 251, 257 (1977).

#### 1. Identical Issues

To determine whether a prior proceeding involves the same claim or cause of action, "California has consistently applied the 'primary rights' theory, under which the invasion of one primary right gives rise to a single cause of action." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 324 (9th Cir. 1988) (quoting *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975)); *see also Howitzon v. Evans Hotels, LLC*, 81 Cal. App. 5th 475, 487 (2022) (the doctrine "bars a party . . . from bringing a second lawsuit if that suit seeks to vindicate the same primary right"). In an unlawful detainer action, the "primary right" adjudicated by the court is the right of possession of property. *Zimmerman v. Stotter*, 160 Cal. App. 3d 1067 (1984) (indicating "the right to possession" is the "primary right . . . determined in the unlawful detainer judgment."). Under California law, while "judgment in unlawful detainer usually has very limited res judicata effect" because the scope of

1   the action is limited to the issue of a party's immediate right of possession rather than issues of
2   title, title may be litigated in unlawful detainer proceedings by purchasers, like Deutsche Bank,
3   who have acquired the property at a trustee's sale, perfected title, and thereafter seek to evict an
4   occupant in possession. *Vella*, 20 Cal. 3d 251, 255 (1977). In these situations, courts consistently
5   have held that later-filed actions brought by parties challenging the irregularities of foreclosure
6   proceedings and a trustee's sale cannot relitigate those issues following the entry of judgment
7   against them in an unlawful detainer action. *Castle v. Mortg. Elec. Registration Sys., Inc.*, No.
8   EDCV 11–00538 VAP (DTBx), 2011 WL 3626560, at *1 (C.D. Cal. Aug. 16, 2011) (collecting
9   cases).

10         Here, the primary right adjudicated in the prior unlawful detainer action was Deutsche
11  Bank's right to possess the subject property. Plaintiff now contends that Deutsche Bank did not
12  comply with recording and notice requirements prior to holding the trustee sale and that the
13  foreclosure sale was "falsified." Compl. at 4; Opp'n at 2. These arguments are foreclosed by the
14  prior judgment for Deutsche Bank. To the extent plaintiff challenges the validity of the process
15  used to conduct the trustee sale, that issue is foreclosed by the default judgment finding that
16  Deutsche Bank was entitled to possession. In entering default judgment, the superior court
17  necessarily resolved the issue of whether there was a regularly held trustee sale and title had been
18  perfected in Deutsche Bank's name. RJN, Exs. 20–23; *Castle*, 2011 WL 3626560, at *6–7
19  (finding res judicata applied to state court default judgment because "[t]he validity of the
20  foreclosure process, trustee's sale, and [Bank's] acquisition of the Property were all encompassed
21  by the Unlawful Detainer Action."). For the same reason, plaintiff's fraud claim is foreclosed:
22  "Applying the traditional rule that a judgment rendered by a court of competent jurisdiction is
23  conclusive as to any issues necessarily determined in that action, the courts have held that
24  *subsequent fraud* . . . suits founded upon allegations of irregularities in a trustee's sale are barred
25  by the prior unlawful detainer judgment." *Barefield v. HSBC Mortg. Servs., Inc.*, No. 1:21-cv-
26  0613 JLT CDB, 2023 WL 2529638, at *14 (citing *Vella*, 20 Cal. 3d at 255–56) (italics added).
27         Plaintiff had a full opportunity to raise these challenges during the state court unlawful
28  detainer action, and because he failed to do so, "res judicata bars litigation of any issue that could

1  have been raised in the prior action." *Id.* at *6 (citing *Amin v. Khazindar*, 112 Cal. App. 4th 582,
2  590 (2003)); *see also Barefield*, 2023 WL 2529638, at *15 (failure to raise improper notice claims
3  before state court precluded litigation of issue in subsequent action) (citations omitted).
4  Therefore, the identity of claims element is satisfied.

### 2. Final Judgment on the Merits

Courts have found that where a state court enters judgment against a borrower in an unlawful detainer action and issues a writ of possession, as here, this constitutes a final judgment on the merits, even if the judgment was entered in default. *See, e.g.*, *Albano v. Nw. Fin. Haw., Inc.*, 244 F.3d 1061, 1064 (9th Cir. 2001) (holding default judgment in foreclosure action was final judgment barring borrowers' later filed Truth in Lending Act claim); *U.S. ex rel. Hyatt v. Mirza*, 2018 WL 6653319, at *4 n.5 (E.D. Cal. Dec. 19, 2018) (holding "the state court's decision resolving the unlawful detainer action represents a final judgment on the merits of the claim."). In this case, the Clerk of the Superior Court of Tulare County entered default judgment against the Osburns on October 21, 2022, and issued a writ of possession to Deutsche Bank on November 1, 2022. RJN, Exs. 22, 23. The unlawful detainer action therefore resulted in a final judgment on the merits and this element of res judicata is satisfied.

### 3. Identity of Parties

There is no dispute that the parties are the same because the prior unlawful detainer action involved the same named parties: Deutsche Bank and Osburn. RJN, Ex. 20; *see also In re Anthony H.*, 129 Cal. App. 4th 495, 503 (2005) (applying res judicata to cause of action between same parties). Therefore, this element is met.

### 4. Conclusion

As all three elements are satisfied as to the unlawful detainer action, res judicata bars plaintiff's claims regarding the foreclosure proceedings and trustee's sale. *See Castle*, 2011 WL 3626560, at *9 (res judicata barring attempts to relitigate the same primary right as between same parties). Plaintiff's complaint is therefore dismissed with prejudice.

///

///

**B.     Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)**

To the extent plaintiff asserts that defendant violated 18 U.S.C. § 1001 in conducting the trustee sale, plaintiff fails to state a cognizable claim.  As defendant correctly observes, plaintiff's contention fails as a matter of law.  MTD, Doc. 6 at 5.  18 U.S.C. § 1001 is a federal criminal statute that applies to certain false or fraudulent statements made in a matter within the jurisdiction of the federal executive, legislative, or judicial branches.  As a private citizen, plaintiff has no authority to bring claims under a federal criminal statute.  *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); *Dowdell v. Sacramento Hous. & Redevelopment Agency*, No. 2:11-cv-00409 JAM KJN PS, 2011 WL 837046, at *2 (E.D. Cal. Mar. 8, 2011) (no private right of action under 18 U.S.C. § 1001); *Sareen v. Sareen*, No. CIV S-08-0176 LKK EFB PS, 2008 WL 11450612, at *4 (E.D. Cal. Aug. 28, 2008) (same).

**C. Plaintiff's Remaining Motions**

On May 27, 2025, plaintiff filed a motion for leave to file a first amended complaint, which Deutsche Bank opposed.  Docs. 28, 33.  In the lodged first amended complaint, plaintiff seeks relief for his home's foreclosure sale on the ground that it was conducted in violation of a January 22, 2019 bankruptcy order discharging plaintiff's debts under 11 U.S.C. § 524(a)(2).  Doc. 32 at 6, 25.  Plaintiff's argument is simply another attempt to collaterally attack the foreclosure proceedings by another method and is likewise barred by res judicata for the reasons set forth above.[3]  Accordingly, that motion is also denied.

///

---

[3] Additionally, the Ninth Circuit has held a bankruptcy discharge is not "effective . . . to void a lien or otherwise impair a creditor's state-law right of foreclosure."  *In re Blendheim*, 803 F.3d 477, 493 (9th Cir. 2015).  The court explained that under the bankruptcy code "'a discharge' operates as an injunction against a creditor's ability to proceed against a debtor personally."  *Id.* (citing 11 U.S.C. § 524(a)(2) (a discharge "operates as an injunction against . . . an action  . . . to collect, recover or offset any such debt as a *personal liability* of the debtor") (emphasis in *Blendheim*)).  "Discharges leave unimpaired a creditor's right to proceed in rem against the debtor's property."  *Id.*; *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*.").

As the Court grants defendant's motion to dismiss with prejudice, plaintiff's motions to set aside the sale and to consolidate the actions are denied as moot.

## IV.     CONCLUSION

For the foregoing reasons, the Court orders:

1. Defendant's motion to dismiss (Doc. 6) is GRANTED with prejudice;
2. Plaintiff's motion to set aside sale (Doc. 15) is DENIED as moot;
3. Plaintiff's motion to consolidate (Doc. 26) is DENIED as moot;
4. Plaintiff's motion for leave to file a first amended complaint (Doc. 28) is DENIED; and
5. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   June 25, 2025

_____
UNITED STATES DISTRICT JUDGE

11